UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 283 |
| | ) | |
| JORDAN ROMAN, | ) | The Honorable |
| | ) | Martha M. Pacold, |
| Defendant. | ) | Presiding Judge |

**DEFENDANT JORDAN ROMAN'S SENTENCING MEMORANDUM**

Now comes the defendant, JORDAN ROMAN, by and through his attorney, MARC M. BARNETT, and respectfully requests that this Honorable Court, in light of *Gall v. United States*, 552 U.S. 38 (2007) and the factors set forth in 18 U.S.C. § 3553(a), sentence him to probation, which is sufficient, but not greater than necessary to comply with the purposes of sentencing. In support, the following is offered:

**Introduction**

By the time Jordan Roman comes before this Honorable Court for sentencing it will have been nearly nine years since the last investment was made. Since his arrest, has reflected on the decisions he has made leading to his arrest, being charged, pleading guilty, taking steps to make complete restitution to the single-victim, his upcoming sentencing, and his future. Mr. Roman understands in no uncertain terms that the actions that brought him before this Honorable Court were wrong and he has readily accepted full responsibility for his transgressions. He is extraordinarily humbled, contrite, and deeply ashamed with himself. And yet, he is burdened with fear and uncertainty knowing that his actions have not only affected his life, but also the lives of those he loves and cares for most.

Taking together the nature and circumstances of the instant offense, his personal history and characteristics, and other Section 3553(a) factors, Jordan Roman respectfully asks this Honorable Court to sentence him to sentence him to probation with whatever conditions this Court deems appropriate, which would be sufficient, but not greater than necessary to comply with the purposes of sentencing.

<u>**Sentencing Considerations Pursuant to 18 U.S.C. § 3553(a)**</u>
<u>**Supporting a Below-Guidelines Sentence**</u>

This Court maintains unfettered discretion to fashion a sentence that punishes the offender, as opposed to just the crime. *Pepper v. United States*, 131 S.Ct. 1229, 1240 (2011); *United States v. Ramirez-Mendoza*, 683 F.3d 771, 777 (7th Cir. 2012). After first calculating the applicable sentencing range, district courts are then tasked with imposing a sentence that is reasonable under 18 U.S.C. § 3553(a). However, because sentencing guidelines ranges are not to be presumed reasonable, this Court must consider whether they actually conform to the particular circumstances of the case. *Nelson v. United States*, 555 U.S. 350 (2009) (*per curiam*); *United States v. Dean*, 414 F.3d 725, 730-31 (7th Cir. 2005). So long as the selected sentence is "rooted in § 3553(a), sufficiently individualized to the circumstances of [the] case, and generally associated with sentencing leniency[,]" a below guidelines sentence is appropriate. *United States v. Wachowiak*, 496 F.3d 744, 745 (7th Cir. 2007).

In fashioning his sentence that is sufficient but not greater than necessary, Jordan Roman respectfully asks this Court to consider the nature and circumstances of the offense, his personal history and characteristics, his efforts to make full restitution, and the collateral consequences he faces as a result of his poor judgment that led to his criminal conduct.

    **a.**     **Advisory Guideline Range**

A sentencing court's inquiry begins by calculating the defendant's advisory Guideline range. *United States v. Schroeder*, 536 F.3d 746, 755 (7th Cir. 2008). According to the PSR, Jordan Roman's advisory Guideline sentence was calculated as follows:

| | |
|---|---:|
| Base Offense Level §2B1.1(a)(1) | 7 |
| Amount of Loss §2B1.1(b)(1)(G) | 12 |
| Position of Trust §3B1.3 | 2 |
| Zero-Point Criminal History §4C1.1(a) and (b) | - 2 |
| Acceptance of Responsibility §3E1.1(a) | - 2 |
| Timely Guilty Plea §3E1.1(b) | <u>- 2</u> |
| Total Offense Level | 16 |
| (PSR ¶¶ 15-24) | |

As noted above, Jordan Roman has zero criminal history points, placing him in criminal history Category I. (PSR ¶ 29)

Coupling the resulting anticipated offense level of 16 with a criminal history category of I, Mr. Roman's advisory sentencing range is 21-27 months. (PSR ¶ 71)

However, not all sentences within the guideline range are reasonable. *See United States v. Cunningham*, 429 F.3d 673, 676 (7th Cir. 2005) ("[T]he sentencing judge may not rest on the guidelines alone, but must, if asked by either party, consider whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors . . . He cannot treat all sentences that would fall within the guidelines sentencing range as reasonable per se.")

Jordan Roman respectfully asks this Court to exercise its discretion, in accordance with the § 3553(a) factors, USSG § 3C1.1, and *Gall*, and sentence him to probation with whatever conditions this Court deems appropriate, which would be sufficient, but not greater than necessary to comply

with the purposes of sentencing.

      **b.**      **Nature and Circumstances of the Offense**

Jordan Roman recognizes that this is a serious offense, and he fully accepts responsibility for his transgressions. The extent of the offense conduct has been accurately set forth in the Presentence Investigation Report and the Government's Version of the Offense. We anticipate no further aggravating matters will be introduced.

The PSR indicates that on July 9, 2025 pled guilty to the single-count Information pursuant to a written plea agreement. (Dkt. No. 11) On September 5, 2025, Mr. Roman moved this Honorable Court to enter an order allowing the prepayment of restitution in this matter. (Dkt. No 13) On September 19, 2025, this Honorable Court granted Mr. Roman's motion allowing him to begin prepaying restitution in this matter. (Dkt. No. 16) On October 27, 2025, this Honorable Court made a Minute Entry directing the Clerk for the United States District Court for the Northern District of Illinois to deposit any restitution payments by Mr. Roman into the Court's registry. (Dkt. No. 17) Mr. Roman has subsequently began making restitution payments in this matter.

      **c.**      **Personal History and Characteristics**

Mr. Roman is currently 47 years old. He was born on May 23, 1978, to the marital union of James and Neesha Roman. (PSR ¶ 33) Jordan's father is 74 years old and is a marketing/promotional business owner, and his mother is 71 years old and assists her husband in operating the family business. (PSR ¶ 34) Jordan's parents reside in Highland Park, Illinois. Jordan maintains regular contact with his parents. *Id.* Jordan has two younger siblings and maintains regular contact with his siblings. *Id.*

In 2009, Jordan married Samantha Mittelman and they have two children Charlotte, age 14, and Ryder, age 12. (PSR ¶ 36) The instant offense has brought Jordan and Samantha closer.

4

Samantha indicated to the probation officer that Jordan is very family-oriented, an "amazing person, best dad," and "our everything." (PSR ¶ 36) Jordan was a lifelong resident of the Northern District of Illinois, but the family relocated to Los Angeles, California to be closer to Jordan's mother-in-law who is battling cancer. (PSR ¶ 37) Since 2020, the family has resided in a three-bedroom, three-bathroom, single family home in Los Angeles. (PSR ¶ 37)

Jordan was diagnosed with asthma when he was a child, is prescribed Meclizine (25 mg) for vertigo, suffers from temporomandibular joints causing him to continuously grind his teeth, and suffers from dehydration issues. (PSR ¶¶ 41-44) Jordan has also undergone multiple surgeries on his rotator cuff on his right shoulder which has resulted in limited mobility in his right shoulder, and continuous pain. (PSR ¶ 45)

Jordan was diagnosed with depression in 2023 after his three-year-old nephew drowned in a pool, and has been receiving therapy ever since the tragic incident. (PSR ¶ 48)

Jordan graduated from Glenbrook South High School in Glenview in 1996, and attended the University of Colorado between 1997 and 2001. (PSR ¶¶ 59- 60) Jordan did not complete his college education because his father's business was struggling and Jordan had to obtain employment to support himself. (PSR ¶ 60)

Jordan has maintained a stellar employment record and currently has ownership interests in a number of marketing companies in which he is able to work for remotely. (PSR ¶¶ 61-66) While the PSR lists the names of the companies and the percentage (%) of Jordan's ownership interest, the PSR does not touch upon the fact that Jordan is a crucial and integral part of each company. Jordan is essential to the operation of these companies and without Jordan's work and contribution, the companies would be forced to go out of business.

A custodial sentence would also devastate the financial stability of Jordan's family in a

multitude of ways, including forcing them to move out of their home in California. A custodial sentence would also cripple Jordan's ability to secure employment upon his release and make restitution.

        **d.**        **Deterrence, Just Punishment, and Other Policy Considerations**

This Court is inherently tasked with an incredibly difficult decision as to what a just punishment is for any given defendant. While the sentencing guidelines work as a "starting point" and benchmark in sentencing, on their face, they fail to accurately illustrate the reality of the crime of conviction. An appropriate sentence in this case would be probation with whatever conditions this Court deems appropriate.

The goal of sentencing is to impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in § 3553(a)(2). Through this "parsimony provision," the Court is to impose a sentence that is the *minimum* necessary to accomplish those goals set forth in paragraph (2).

Mr. Roman's conduct in this case has already resulted in certain punishment, a federal felony conviction, which will affect him for the rest of his life. Mr. Roman does not attempt to deprecate the seriousness of his offense. And while the sentence must reflect the seriousness of the offense in an effort to deter others from committing similar offenses, Mr. Roman's sentence should not be one that is merely used as an example for others.

The sentence Mr. Roman is requesting of the Court is a serious one, befitting the offense of conviction. As the *Gall* Court observed, a felony conviction and a sentence of probation constitutes a serious punishment.

While custodial sentences are qualitatively more severe than probationary sentences of equivalent terms, offenders sentenced to probation are nonetheless subject to conditions which

6

restrict their liberty. *See United States v. Knights*, 534 U.S. 112, 119, 122 S.Ct. 587 (2001) (inherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled). For example, probationers may not leave the judicial district, move, or change jobs without notifying, and, in some instances, receiving permission from their probation officer or the court. *Id.* In addition, they must report regularly to their probation officers, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking. *See* U.S.S.G. § 5B1.3. Furthermore, most probationers are also subject to individual "special conditions" imposed by the court. Finally, a probationer always faces the possibility of harsh consequences if a condition of his probationary term is violated. *See* Advisory Council of Judges of National Council on Crime and Delinquency, Guides for Sentencing 13-14 (1957) (probation is not merely letting an offender off easily).

A sentence of probation with whatever conditions this Court deems appropriate in this case will allow Mr. Roman to continue making restitution to the lone victim of this offense – and to make full restitution in an expeditious time making the lone victim whole.

A sentence of probation in this case would not deprecate the seriousness of the offense and would provide adequate specific and general deterrence. *See Gall*, 552 U.S. at 54, and USSG § 5C1.1 Application Note 10.

Mr. Roman has spent considerable time reflecting upon the mistake he made to land himself in this precarious position, and that he let so many other people down, particularly his wife and children. For these reasons, Mr. Roman respectfully requests probation with whatever conditions this Court deems appropriate, which is a sentence that is sufficient but not greater than necessary to achieve the goals of sentencing.

In addition, as the Court is more aware of than most in society, a federal conviction is a

7

stigma that blights a life forever and has serious and severe consequences on not just Mr. Roman, but also his family.[1] Such punishment provides a permanent reminder of Jordan's wrong doing, and, for Jordan, carries a high degree of guilt and shame.

Thus, given the absence of criminal history, exemplary employment history, coupled with Mr. Roman's substantial prepayment of restitution, we respectfully request that he be sentenced to probation with whatever conditions this Court deems appropriate.

## CONCLUSION

This Court maintains significant discretion to not only craft a reasonable, appropriate sentence pursuant to the Guidelines, but to consider the totality of circumstances surrounding the individual involved, including, among other factors, the nature and circumstances surrounding Jordan Roman's conviction, his personal history and characteristics, his substantial prepayment of restitution, as well as the long-standing collateral consequences the current matter will have on him. The foregoing considerations outlined in this submission show only a small portion of who Jordan Roman really is: a proud and dedicated husband, father, son, and brother. The conduct that placed him before this Court was not driven by any sort of evil malice; it was not motivated by any sort of malevolence or other ulterior motive. Rather, it was a stupid decision – a decision that has already, and will continue, to adversely affect the rest of his life. In sentencing Mr. Roman to probation, this Court would accomplish the goals of sentencing by punishing the individual – not the crime – to a

---

[1] The stigma of being labeled a federal felon is profound. *United States v. Smith,* 683 F.2d 1236, 1240 (9th Cir. 1982) ("The stigma of a felony conviction is permanent and pervasive."); *see also* Michelle Alexander, The New Jim Crow (Paperback ed. The New Press 2012) at page 94 ("Once a person is labeled a felon, he or she is ushered into a parallel universe in which discrimination, stigma, and exclusion are perfectly legal." *Id.* at page 163 ("When someone is convicted of a crime today, their 'debt to society' is never paid."); and *United States v. Wuff,* 758 F.2d 1121, 1125 (6th Cir. 1985) ("a felony conviction irreparably damages one's reputation.").

sentence that is sufficient, but not greater than necessary. *See Pepper*, 131 S.Ct. at 1240.

                Respectfully submitted,

                /s/ Marc M. Barnett
                Marc M. Barnett
                Attorney for Jordan Roman

Marc M. Barnett
53 W. Jackson Boulevard
Suite 1442
Chicago, IL 60604
(312) 719-0376

## CERTIFICATE OF SERVICE

      I, Marc M. Barnett, the attorney for Defendant Jordan Roman, hereby certify that I filed the above-described document on the CM-ECF system of the United States District Court for the Northern District of Illinois, which constitutes service of the same.

                Respectfully submitted,

                /s/ Marc M. Barnett
                Marc M. Barnett
                Attorney for Jordan Roman

Marc M. Barnett
53 W. Jackson Boulevard
Suite 1442
Chicago, IL 60604
(312) 719-0376