UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JORDAN ROMAN | No. 25 CR 283<br><br>Judge Martha M. Pacold |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, hereby submits its sentencing memorandum. To account for the seriousness of defendant's conduct and for the other reasons set forth below, the government recommends that the Court sentence defendant to a term of 21 months' imprisonment. This sentence is sufficient, but not greater than necessary, to satisfy the principles set forth in the Sentencing Guidelines and 18 U.S.C. § 3553(a).

**BACKGROUND**

In 2012, defendant, through Drumstick Timpani Fund L.P, solicited an investment from Victim A, and in 2016 solicited an additional investment from Victim A. Defendant agreed that he would invest this money on Victim A's behalf and for Victim A's benefit. After Victim A made these investments, defendant provided false information to Victim A that made it appear as though Victim A's investment was worth more than it actually was.

Believing that defendant was managing his investment and making money for Victim A, Victim A invested another $500,000 with defendant in February 2017 for

1

Victim A's personal benefit and not for defendant to spend on himself. Almost immediately thereafter, defendant used a portion of the $500,000 investment to pay personal debts, including credit card expenses and utility bills. Defendant did not tell Victim A that he was spending a portion of Victim A's money on himself, and defendant understood that Victim A had not authorized defendant to spend Victim A's money for defendant's own personal expenses. Further, over the next several years, and specifically between 2018 and 2023, defendant continued to lie to Victim A about the value of his investments.

In particular, defendant created fake account statements and tax documents that falsely reflected that the value of Victim A's investment was higher than it actually was. Additionally, defendant lied to Victim A in email correspondence between them about the value of the investment. In particular, on approximately March 24, 2023, in response to an email from Victim A inquiring about the value of Victim A's investment, defendant falsely told Victim A that the investment was worth significantly more than it actually was. In sum, defendant lied to Victim A about how defendant invested Victim A's $500,000 and further lied and concealed from Victim A that defendant had spent a portion of Victim A's investment on himself.

## The Advisory Guidelines Range

The government agrees with the Presentence Investigation Report's ("PSR") calculation of the advisory guidelines range, which is as follows:

Base Offense Level (§2B1.1(a)(1))                                                                       7

| | |
|---|---:|
| Increase Based on Loss (§2B1.1(b)(1)(G)) | 12 |
| Abuse of Trust (§3B1.3) | 2 |
| Acceptance of Responsibility (§3E1.1) | -3 |
| Zero Point Offender (§4C1.1) | <u>-2</u> |
| Total | 16 |

As for the abuse of trust enhancement, section 3B1.3 provides for a two-level increase in the adjusted offense level "[i]f the defendant abused a position of . . . private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. The application note provides further guidance on when this enhancement applies:

> 'Public or private trust' refers to a position of public or private trust characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinary given considerable deference) . . . For this adjustment to apply, the position of public or private trust must have contributed in some significant way to facilitating the commission or concealment of the offense (e.g., by making the detection of the offense or the defendant's responsibility for the offense more difficult).

U.S.S.G. § 3B1.3, App. N. 1.

An investment advisor who uses that position to facilitate the crime qualifies for this enhancement. *See United States v. Mabrook*, 301 F.3d 503, 510 (7th Cir. 2002) ("A formal position of trust is not necessary under § 3B1.3. Instead, a court should look beyond labels and categories that characterize the relationship and focus on the nature of the defendant's relationship to the victim and the level of responsibility he was given . . . with respect to [the victim], [the defendant] was not

3

engaged in an arms-length transaction; rather he used his friendship to convince [the victim] that the investment was safe and profitable."); *United States v. Tiojanco*, 286 F.3d 1019, 1020-21 (7th Cir. 2002) (commenting on how investment advisors fall within this enhancement as "clients of investment advisors face a discontinuity in expertise but place their trust in advisors, granting them discretion to invest their funds with the understanding that the advisor will act in the investor's best interests."); *United States v. Frykholm*, 267 F.3d 604, 612-13 (7th Cir. 2001) ("[The defendant] acted as if she had experience in trading securities, that she would operate as a fiduciary for her investors, and that she would give them access to investment opportunities that they otherwise would not have had. [The defendant] was given complete discretion in using the money given to her by her victims on the assumption that she would invest it in their best interests and as such occupied a position of trust."); *accord United States v. Davuluri*, 239 F.3d 902, 909 (7th Cir. 2001).

Here, Victim A relied on defendant who provided Victim A with materials about the purported investment to induce Victim A into making the investment with defendant. In holding himself out as someone who had investment experience who used that purported experience to induce Victim A into investing with him, defendant should receive the enhancement in § 3B1.1, as the PSR concluded. *See* PSR, ¶ 18.

An adjusted offense level of 16 combined with criminal history category I yields an adjusted offense level of 21 to 27 months' imprisonment.

**The Factors Set Forth in 18 U.S.C. § 3553(a)**

Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[1] In order to determine the sentence to impose, the Court must consider the statutory factors listed in § 3553(a)(1)-(7). One of those factors is the advisory range set by the Sentencing Guidelines, and another is the Sentencing Commission's policy statements. Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). For the reasons set forth below, consideration of the § 3553(a) factors reflects that a bottom of the guidelines sentence of 21 months' imprisonment is warranted and necessary.

<u>The Nature and Circumstances of the Offense</u>

Defendant stole money from Victim A and lied to him repeatedly to cover-up for this theft. Defendant and Victim A were longtime acquaintances and Victim A had invested money with defendant before the $500,000 at issue here. Victim A trusted defendant to manage his money. Defendant, however, exploited that trust. Defendant lost the money that Victim A had invested with defendant. Instead of

---

[1] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

5

telling Victim A the truth about the lost investment, defendant made it appear as though Victim A's money was safe and growing. Based upon those misrepresentations, Victim A invested another $500,000 with defendant, who then used that money to pay personal expenses for himself. Over the next several years, defendant continued to lie to Victim A about his investment and led Victim A to believe that his investment had grown and that defendant had received another sizable investment. None of this was true. Defendant lost Victim A's $500,000 investment. The nature and circumstances of the offense are serious and warrant a meaningful sentence.

<u>History and Characteristics of Defendant</u>

Defendant's background here is mitigating. Defendant has a loving and supportive family. As detailed in the PSR, there are other personal circumstances that defendant has dealt with that provide further mitigation. Still, although these facts are mitigating, they do not excuse defendant's criminal conduct here.

<u>The Need to Promote Respect for the Law,
Provide Just Punishment, and Afford Adequate Deterrence</u>

The government's recommended sentence would promote respect for the law, provide just punishment, and afford adequate deterrence. A custodial sentence of 21 months' imprisonment would promote respect for the law by showing that those like the defendant who commit fraud are not above the law.

Moreover, investment fraud offenses are unique in that these cases are difficult to investigate and prosecute. In addition, intertwined with promoting respect for the

6

rule of law—and equally important—is the concept of general deterrence. *See United States v. Arroyo*, 75 F. 4th 705, 709 (7th Cir. 2023) ("General deterrence is, after all, an economic theory of punishment: 'Where the profits to be made from violating the law are higher, the penalty needs to be correspondingly higher to achieve the same amount of deterrence.'" (quoting *United States v. Cavera*, 550 F.3d 180, 196 (2d Cir. 2008) (en banc)); *United States v. Brown*, 880 F.3d 399, 405 (7th Cir. 2018) (stating that "white-collar criminals . . . are . . . prime candidates for general deterrence"); *United States v. Heffernan*, 43 F.3d 1144, 1149 (7th Cir. 1994) ("[C]onsiderations of (general) deterrence argue for punishing more heavily those offenses that either are lucrative or are difficult to detect and punish, since both attributes go to increase the expected benefits of a crime and hence the punishment required to deter it."). Deterrence in a case like this is important and warrants a sentence of 21 months' imprisonment.

<u>Restitution</u>

Restitution is mandatory in this case, *see* 18 U.S.C. § 3663A, and defendant owes approximately $500,000 in restitution.

<u>Supervised Release</u>

Consistent with the Seventh Circuit's guidance in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), the government recommends the imposition of a term of supervised release of one year. To promote the sentencing objectives of deterring recidivism, protecting the public, and assisting in defendant's rehabilitation and

7

reintegration into society, the government supports the Probation Department's recommendation of conditions as detailed in the PSR.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court impose a sentence of imprisonment of 21 months' imprisonment. Such a sentence is well supported under Section 3553(a), as it will reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, properly account for the defendant's history and characteristics, and provide a fair and uniform sentence.

Dated: November 25, 2025	Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:	*/s/ Jared Hasten*
JARED HASTEN
Assistant United States Attorney
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300